O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARK OVERTON,                          )    CASE NO. CV 10-02724 RZ
                                       )
                   Plaintiff,          )
                                       )    MEMORANDUM OPINION
        vs.                            )    AND ORDER
                                       )
MICHAEL J. ASTRUE, Commissioner        )
of Social Security,                    )
                                       )
                   Defendant.          )
                                       )

        Plaintiff challenges the Administrative Law Judge's determination that he had no severe mental impairment. [AR 28]   The regulations do not define a "severe" impairment.   Instead, they state what a *non*-severe impairment is:   one that does not significantly limit physical or mental ability to do basic work activities.   20 C.F.R. § 416.921.   The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities.   *Id.*   The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).   In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions.   SSR 85-28.   This minimalist treatment has received the Courts' imprimatur.   *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).   Thus, the requirement

that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect on his or her ability to do basic work functions.   When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record.  *Smolen*, *supra,* 80 F.3d at 1289-90.

In reaching his conclusion on non-severity, the Administrative Law Judge rejected the assessment of Plaintiff's treating psychiatrist [AR 24-25], and accepted the assessment of a consulting psychiatrist.  [AR 28]  The treating psychiatrist had evaluated Plaintiff in 2006 as having marked limitations in several categories of functioning [AR 24; AR 506-12]; the consulting psychiatrist in 2007 found that he had none [AR 521].  Under the regulations, a person who has none or mild limitations in three enumerated functions, and no limitations in a fourth function, has a non-severe impairment.   20 C.F.R. § 416.920a(d)(1).

The regulation also states, however, that this technique of using these markers is not exclusive; if the evidence "otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities" [*id.*], then the impairment is severe. Accordingly, the Courts have emphasized what the Commissioner himself tells his employees:

> The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step."  S.S.R. No. 85-28 (1985).  Step two, then, is "a de minimis screening device [used] to dispose of groundless claims," *Smolen* , 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or

combination of impairments only when his conclusion is "clearly established by medical evidence."  S.S.R. 85-28.

*Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005).

The consultant whom the Administrative Law Judge preferred over the treating physician not only saw Plaintiff once, but he seems not to have reviewed any of the records of Plaintiff's treating physician from 2006-07.  [AR 519]  He reviewed earlier psychiatric notes from when Plaintiff was in prison, and a psychiatric evaluation form prepared in 2005, but none of the records or assessments prepared in 2006 and 2007.  Thus, he did not see, for example, the several times that Plaintiff's treating physician diagnosed him with an intermittent explosive disorder, or the stated objectives in therapy to reduce his anger outbursts to a more manageable level [AR 322-65].

The reason that a treating physician's opinion is preferred over that of a consultant is that the treating physician knows the patient better, and consequently has a greater insight into the true parameters of the patient's status.  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987); *Smolen v. Chater*, *supra*, 80 F.3d at 1285.  The reasons that the Administrative Law Judge gave for not accepting the treating physician's assessment were not sufficient.  He said that they were greatly disproportionate to the claimant's mental condition, and that many of the progress notes showed that Plaintiff reported doing well.  Yet, along with Plaintiff's having reported that he was "doing well," there are numerous reports of difficulties, frequently stated objectives of reducing the number of anger episodes, and the treating physician's repeated diagnosis that Plaintiff suffered from an intermittent explosive disorder.  The Administrative Law Judge also said that Plaintiff was attending school at the time, a fact that showed that he was functioning at a fairly high level.  Yet it is the very nature of an intermittent explosive disorder that it is, in fact, intermittent, and thus it punctuates what otherwise might be unremarkable conduct.  AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF

MENTAL DISORDERS (DSM-IV) (4th ed. 1994) 609-11.  This does not, however, negate its severity.

At this early stage of the evaluation, Step Two, it was error to conclude that Plaintiff did not have a severe mental impairment.  Accordingly, the decision is reversed, and the matter is remanded for further proceedings.  The Commissioner shall proceed with the sequential evaluation beyond Step Two.

IT IS SO ORDERED.


DATED:   December 20, 2010



_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-